# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: CARL JOSEPH MARASCALCO<br>DEBTOR | CHAPTER 7<br>CASE NUMBER: 19-13759-JDW |

| | |
|---|---|
| SUSAN DELOACH MARASCALCO,<br>INDIVIDUALLY, and AS EXECUTRIX<br>FOR THE ESTATE OF ELIZABETH ANN<br>DELOACH, as well as REPRESENTATIVE<br>OF DELOACH REAL ESTATE, LLC | PLAINTIFF |
| VS. | ADV. CASE NO.: _____ |
| CARL JOSEPH MARASCALCO | DEFENDANT |

## COMPLAINT

Comes now Susan Deloach Marascalco, individually, and as Executrix for the Estate of Elizabeth Ann Deloach, as well as representative of Deloach Real Estate, LLC, by and through counsel of record and the Federal Rules of Bankruptcy Procedure, and files this Complaint against Defendant Carl Joseph Marascalco, and in support thereof would show unto the Court as follows, to-wit:

### PARTIES

1. Plaintiff, Susan Deloach Marascalco, individually, and as Executrix for the Estate of Elizabeth Ann Deloach, as well as representative of Deloach Real Estate, LLC, is a resident of Lafayette County, Mississippi.

2. Defendant Carl Joseph Marascalco ("Marascalco"), is an adult resident citizen of Grenada, Mississippi, and service may be completed by serving his conservatrix Patrice Adcock wherever she may be found.

## JURISDICTION and VENUE

3. This Court has jurisdiction over the parties and subject matter in this cause pursuant to 28 U.S.C. §157. This proceeding is a core proceeding pursuant to the 28 U.S.C. §157(b)(2)(I).

4. The Court has venue over this cause pursuant to 28 U.S.C. §1408.

## FACTS

5. Marascalco has listed in his schedules that he has a cabin which can be used to fund his bankruptcy plan. However, Marascalco is not the legal owner of said cabin.

6. Deloach Real Estate, LLC, the sole member of which is the Estate of Elizabeth Ann Deloach, dec'd, is record owner of 800 acres, more or less, lying and being situate in Tallahatchie County (hereinafter 'the subject property'). Ms. Deloach inherited the property upon her husband's death, and on November 19, 2010, Ms. Deloach conveyed title to the subject property to her wholly owned limited liability company, Plaintiff Deloach Real Estate, LLC.

7. Defendant Carl Joseph Marascalco is the ex-son-in-law of Ann Deloach having been married for many years to Susan Deloach Marascalco prior to their divorce in March of 2016. In 2011, prior to their divorce and with Ms. Deloach's permission, Marascalco built a cabin on the land owned by Deloach Real Estate, LLC.

8. Upon the separation aforementioned, Marascalco began living in the subject cabin. There was no written or verbal agreement or lease, deed, contract or any other document, arrangement or agreement with Ms. Deloach allowing Marascalco's use of the subject cabin following the divorce from Susan. He merely began to stay there full time upon his separation from Susan as if he were still a member of the family in good standing.

9. Ms. Deloach initially tolerated his use of the premises, but, on July 5, 2016, she

notified Marascalco by hand-delivered letter to vacate the premises. Said letter required Marascalco to vacate the cabin by July 8, 2016. Rather than vacate the cabin, Marascalco did, without authorization, justification or excuse, physically move the subject cabin from the property. In this process he separated the building from it foundation piers and intentionally destroyed the concrete foundation in a determined effort to deprive Ms. Deloach of the use and benefit thereof.

10. During divorce proceedings, which followed after the conversion of the cabin, Marascalco signed a Property Settlement Agreement with a provision stating that any property not specifically listed in the property settlement agreement became the property of Susan D. Marascalco. The subject cabin falls into that provision.

11. Furthermore, Marascalco has been held in contempt of orders of the Chancery Court of Grenada County court three times as a result of said Property Settlement Agreement.

12. In the Circuit Court of Grenada County, there is a matter pending regarding the ownership of the cabin, Cause No. 2017-042CVM. This Court has agreed to hear the matter regarding the cabin which is set for hearing April 11, 2020; said matter should be removed to this Court.

## CAUSES OF ACTION

13. Plaintiff realleges and incorporates all paragraphs hereinabove as if fully set forth herein for all purposes.

### I. 11 U.S.C. §423(a)(2)(A) - FALSE PRETENSES AND FALSE REPRESENTATION

14. Plaintiff realleges and incorporates all paragraphs hereinabove as if fully set forth herein for all purposes.

15. Marascalco has falsely and fraudulently represented to this Court that he legally

owns a cabin in Philipp, Mississippi, which can be used to fund his bankruptcy plan.

16. Marascalco knew the falsity of his representations at the time they were made and did not intent to abide by the Property Settlement Agreement he signed and which the Chancery Court of Grenada County has entered as final.

17. Marascaclo does not own the cabin, and to the extent that ownership is questioned, this Court will hear that matter on April 11, 2020.

18. Furthermore, due to the false pretenses and misrepresentations of Marascalco, the assets due and owing to Susan D. Marascalco as well as the Estate of Elizabeth Ann Deloach, should be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## II. 11 U.S.C. §523(a)(2)(A) - ACTUAL FRAUD

19. Plaintiff realleges and incorporates all paragraphs hereinabove as if fully set forth herein for all purposes.

20. Marascalco filed bankruptcy in an attempt to avoid his obligations under the Property Settlement Agreement, including relinquishing the cabin and other elements within the Property Settlement Agreement owed to Susan D. Marascalco.

21. In order to file bankruptcy, Marascalco had to represent to the Court that he could indeed fund a plan; therefor, he listed assets in which he had no ownership as a way to fraudulently represent to the Court that a plan could be funded from his personal assets.

22. Marascalco knew the falsity of his representations at the time they were made and intended for this Court to rely on those representations. In doing so, Marascalco set out to deprive Susan D. Marascalco of property and personal assets that were legally hers.

23. As a direct and proximate result of Marascalco's willful and fraudulent conduct, Susan D. Marascalco, as well as the Estate of Elizabeth Ann Deloach, suffered damages for

which she should be compensated in the form of actual damages, attorney's fees, expenses, and punitive damages.

24. Furthermore, the assets due and owing to Susan D. Marascalco as well as the Estate of Elizabeth Ann Deloach, should be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) due to the actual fraud of Marascalco.

### III. CONVERSION

25. Plaintiff realleges and incorporates all paragraphs hereinabove as if fully set forth herein for all purposes.

26. Marascalco did feloniously and unlawfully remove the subject cabin from the property of Plaintiff(s) and did convert use of same for his own personal use; thereby denying Plaintiff(s) lawful use of their property.

27. As a proximate result of the wrongful intentional acts of Marascalco, Plaintiff has been caused to suffer a financial loss.

28. Furthermore, because of the fraudulent conversion on the part of Marascalco, the assets due and owing to Susan D. Marascalco as well as the Estate of Elizabeth Ann Deloach, should be declared nondischargeable.

WHEREFORE, PREMISES CONSIDERED, Plaintiff(s) bring the above action against Defendant as a direct result of the aforementioned wrongful acts of Defendant Carl Joseph Marascalco, Plaintiff Susan Deloach Marascalco, individually, and as Executrix for the Estate of Elizabeth Ann Deloach, as well as representative of Deloach Real Estate, LLC, requests the following relief from said Defendants:

(A) denial of the discharge of Defendant Marascalco in this matter; and

(B) an award of damages as determined by the trier-of-fact including legal fees and costs

of action;

(C) any other such further relief, either at law or in equity, as this Plaintiff may be entitled.

Plaintiff reserves the right to amend this Complaint pending the conclusion of the § 341(a) meeting of creditors and the evidentiary hearing set in this matter for April 11, 2020, regarding ownership of the cabin.

Respectfully submitted, this the 4th day of February, 2020.

> Susan Deloach Marascalco, individually, and as Executrix for the Estate of Elizabeth Ann Deloach, as well as representative of Deloach Real Estate, LLC
>
> */s/ Kristin J. Swearengen*
> Ashley N. Lane, MSB No. 102999
> Kristin J. Swearengen, MSB No. 105529
> Gore, Kilpatrick & Dambrino, PLLC
> 2000 Gateway, Suite 160 (38901)
> Post Office Box 901
> Grenada, Mississippi 38902-0901
> 662.226.1891 (telephone)
> 662.226.2237 (facsimile)
> alane@gorekilpatrick.com
> kswearengen@gorekilpatrick.com

## CERTIFICATE OF SERVICE

I, Kristin J. Swearengen , hereby certify that the foregoing *Entry of Appearance* was filed electronically and thereby served electronically on all parties enlisted to receive service electronically, including the following persons:

C. Gaines Baker
136 Public Square
C.G. Baker Building, Suite One
Batesville, Mississippi 38606
    *Attorney for Carl Joseph Marascalco*

William L. Fava
Chapter 7 Trustee
wlf@trustesolutions.net

U.S. Trustee's Office
501 East Court Street, Suite 6-430
Jackson, MS 39201
USTPRegion05.AB.ECF@usdoj.gov

So certified this the 4th day of February, 2020.

                                             /s/ *Kristin J. Swearengen*
                                           Kristin J. Swearengen